UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                Case No. 13-54340

SUSAN MARIE JOHNSON, *pro se*,      Chapter 7

     Debtor.            Judge Thomas J. Tucker
_____/

## ORDER DENYING DEBTOR'S DECEMBER 4, 2019 MOTION
## TO REOPEN THIS CASE

   This case is before the Court on the Debtor's motion entitled "Motion Reopening My Case . . . and Waive Filing Fee," filed on December 4, 2019 (Docket # 62, the "Motion"), which the Court construes as, in substance, a motion for reconsideration of, and for relief from, the Court's May 22, 2019 Order, entitled "Order Granting the Motion by LVNV Funding, LLC and Stenger & Stenger, P.C. to Set Aside Order Granting, in Part, Debtor's Motion for Relief for Violation of the Discharge Injunction" (Docket # 60, the "May 22 Order"). The Court will deny the Debtor's Motion, for the following reasons.

   First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

   Second, the allegations in the Motion do not establish any valid ground under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground, for relief from May 22 Order.

   Third, the motion filed by LVNV Funding, LLC and Stenger & Stenger, P.C. (the "Creditor Parties") on April 15, 2019, entitled "Motion to Set Aside Order Granting, In Part, Debtor's Motion for Relief for Violation of the Discharge Injunction" (Docket # 58) sought relief based on the Creditor Parties's argument that the Debtor's debt to LVNV Funding, LLC was a debt that arose post-petition, and as such was not covered by the Debtor's discharge in this case. The Debtor did not respond to the Creditor Parties's motion, and it was granted by the May 22 Order (Docket # 60). The Debtor is thus bound, by the Court's prior decision necessarily reflected in the May 22 Order, to the fact that the debt in question was *not* discharged in this bankruptcy case. For that reason, no action by the Creditor Parties to try to collect that debt, through garnishment or otherwise, can be a violation of the discharge injunction. Thus, there is no purpose to be served by reopening this bankruptcy case.

   Accordingly,

   IT IS ORDERED that the Motion (Docket # 62) is denied, in its entirety, including the Debtor's request to waive the filing fee for the Motion.

**Signed on December 9, 2019**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**